# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4711-16T1

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANENCY,

     Plaintiff-Respondent,

v.

C.G.,

     Defendant,

and

L.E.W.,

     Defendant-Appellant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF L.P.W.,

     a Minor.

_____

Submitted October 3, 2018 – Decided October 17, 2018

Before Judges Reisner and Mawla.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FG-07-0205-16.

Joseph E. Krakora, Public Defender, attorney for appellant (Theodore J. Baker, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jason W. Rockwell, Assistant Attorney General, of counsel; Sara K. Bennett, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (Meredith A. Pollock, Deputy Public Defender, of counsel; Lisa M. Black, Designated Counsel, on the brief).

PER CURIAM

Defendant L.E.W. (Luke) appeals from a June 5, 2017 order terminating his parental rights to his son, L.P.W. (Louis). [1] He raises one point of argument concerning the third prong of the best interests of the child test, N.J.S.A. 30:4C-15.1 (a):

> THE TRIAL COURT MISAPPLIED THE PREVAILING LEGAL STANDARDS AS TO THE THIRD PRONG OF N.J.S.A. 30:4C-15.1(a) AND COMMITTED REVERSIBLE ERROR BY FINDING THAT THE MINIMAL SERVICES OFFERED BY

---

[1] We use initials and pseudonyms to protect the family's privacy. The June 5, 2017 order also terminated the parental rights of Louis' mother, C.G., but she has not appealed from the order.

2

A-4711-16T1

THE DIVISION WERE REASONABLE UNDER THE CIRCUMSTANCES.

In briefing only the third prong, defendant essentially concedes that the trial court correctly decided that the Division of Child Protection and Permanency (Division) satisfied prongs one, two and four of the best interests test. After reviewing the trial record, we find no factual or legal error in the trial judge's decision concerning the third prong. To the contrary, the judge's decision on the third prong, and his ultimate conclusion — that termination of defendant's parental rights is in the child's best interests — is supported by substantial credible evidence. See N.J. Div. of Youth & Family Servs. v. F.M., 211 N.J. 420, 448-49 (2012). Defendant's prong three arguments are not supported by the evidence and are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We affirm for the reasons stated by Judge David B. Katz in his comprehensive eighty-one page oral opinion issued on June 5, 2017. We add only the following brief comments.

Luke suffers from schizophrenia, which causes auditory hallucinations, and he has a history of drug and alcohol abuse. Because he lacks insight into the seriousness of his condition, he has a long history of failing to take his psychiatric medication, leading in turn to multiple psychiatric hospitalizations. His son Louis, who was born in 2006, is severely disabled with cerebral palsy,

and is on the autism spectrum. Due to his developmental disabilities, Louis has a tremendous need for stability and consistency in his life. Luke has been unable to care for his son since April 2013, when he was hospitalized with a psychotic episode and then disappeared, leaving the child with Luke's mother. The paternal grandmother was initially willing to care for the child, and even considered kinship legal guardianship, but ultimately she advised the Division that she was unable to care for Louis. Hence, the Division placed Louis with a resource parent, with whom the child eventually bonded and who was willing to adopt him.

Meanwhile, Luke remained missing until November 2013, when the Division discovered that he was living in Texas. The Division contacted the Texas child welfare agency to obtain an interstate assessment of Luke, but he failed to cooperate and the Texas agency closed its file. While in Texas, Luke was also psychiatrically hospitalized multiple times, due to his failure to take his psychiatric medications. When Luke returned to New Jersey, he was uncooperative with the Division's efforts to stay in touch with him and provide him with services. Luke also moved back and forth between New Jersey and Texas and did not visit with his son for extended periods of time. At the time of the guardianship trial, he was living in Texas. The Division presented

unrebutted expert testimony that Luke did not have a secure bond with Louis, and termination of Luke's parental rights would not cause the child serious or permanent harm. The undisputed testimony also established that, due to his chronic mental illness and refusal to accept treatment, Luke was unable to safely parent the child and would not be able to do so in the foreseeable future. See F.M., 211 N.J. at 450-51.

In his thorough opinion, Judge Katz found that the Division had satisfied all four prongs of the best interests test, and that termination of defendant's parental rights was in the child's best interests. Based on our review of the record, Judge Katz's decision, including his determination as to the third prong, is overwhelmingly supported by the evidence.

On April 20, 2018, while this appeal was pending, the Division sent a letter to this court and all parties, pursuant to Rule 2:6-11(f), advising that the resource parent had passed away. However, the Division also advised that the resource parent's sister wished to adopt Louis and was in the process of becoming licensed as a resource parent. Hence, the Division's plan for the child remained adoption, and the agency had identified an adoptive home for him. The child's Law Guardian supports that plan. Defendant did not address this changed circumstance by filing a reply brief or otherwise, and it is not relevant

to the third-prong issues he raised on this appeal. Moreover, on this record, it is clear that the new circumstance makes no difference to the outcome of this case. Although defendant loves his son, he is not capable of safely caring for Louis now or in the foreseeable future, and the child's only hope for a permanent home lies in termination of defendant's parental rights followed by adoption.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4711-16T1